UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

PATRICIA SHALOCK,
MICHAEL SHALOCK,

        Plaintiffs,

MICHAEL LEAVITT, SECRETARY OF
UNITED STATES DEPARTMENT OF
HEALTH & HUMAN SERVICES,
WPS HEALTH PLAN INC.,

        Involuntary Plaintiffs,        Case No. 13-C-0538

  v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
ABC INSURANCE COMPANY,

        Defendants.

---

ORDER GRANTING STATE FARM AUTOMOBILE INSURANCE COMPANY'S
MOTION TO BIFURCATE AND STAY OF BAD FAITH CLAIM AND DENYING THE
ALTERNATIVE MOTION FOR PROTECTIVE ORDER (DOC. 18),
AND SETTING SCHEDULING CONFERENCE

State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion pursuant to Rule 42(b) seeking separate trials on the contract and bad faith claims at issue in this case with a stay on all discovery relating to the bad faith claim until the contract claim is resolved. Alternatively, if the motion for bifurcation and a stay is denied, State Farm seeks a protective order pursuant to Rule 26(c)(1)(A) forbidding discovery on the bad faith allegations until Patricia and Michael Shalock ("the Shalocks") have demonstrated that State Farm lacked any reasonable basis to debate their claim for underinsured motorist benefits. For the reasons set forth below, the court will bifurcate the breach of contract claim and stay discovery on the allegations of bad faith.

Briefly, the Shalocks filed their complaint in Milwaukee County Circuit Court after State Farm, their underinsured motorist carrier, denied their claim for benefits. State Farm filed a notice of removal citing diversity jurisdiction and the Shalock's motion to remand was denied on September 3, 2013. (Doc. 15.)

State Farm asserts that a bifurcation and stay are necessary to preserve its attorney client and work product privileges, to minimize juror confusion and prejudice, and to promote judicial economy. According to State Farm, the focus of the contract claim will be any bodily injuries and damages suffered as a result of the car accident, whereas the bad faith claim will focus on whether the plaintiffs can establish that there was no reasonable basis for State Farm's actions in debating the amount of the plaintiffs' claim and whether State Farm knew or recklessly failed to ascertain that plaintiffs' claim should have been paid. Wis. JI-Civil 2761 (2012). Wisconsin courts have held that bad faith is a tort separate and apart from any breach of contract. *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 687, 271 N.W.2d 368 (1978).

Federal procedural law applies to the issues of bifurcation and stay whereas state law governs the substance of the breach of contract and bad faith claims. *See Klonowski v. Int'l Armament Corp.*, 17 F.3d 992, 995 (7th Cir. 1994) ("As a federal court sitting in diversity, we apply Wisconsin state law to resolve the substantive questions concerning the accident and federal law on any procedural and evidentiary issues."). The Wisconsin Court of Appeals has concluded on numerous occasions that a bad faith claim cannot exist without some wrongful denial of benefit under the insurance. *Ullerich v. Sentry Inc.,* 344 Wis. 2d 708, 824 N.W.2d 876 (Ct. App. 2012)*; Dahmen v. American Family Mut. Ins. Co. v. American Family Mutual Insurance Co., 2001* WI App 198, 247 Wis. 2d 541, 635 N.W.2d

1, and *Brethorst v. Allstate Property & Casualty Insurance Co.*, 2011 WI 41, 334 Wis.2d 23, 798 N.W.2d 467. Following this reasoning, district courts in the Eastern District of Wisconsin have granted motions to bifurcate and stay finding the claims to be separate and distinct. *Freda et al. v. State Farm Mutual Automobile Insurance Company,* Case No. 12-C-570 (E.D. Wis.); *Poznanski v. Pennsylvania Life Ins. Co.*, 2011 WL 2634406 (E.D. Wis. July 5, 2011); *Winter v. Liberty Mut. Fire Ins. Co.,* 2006 WL 2711804 (E.D. Wis. Sept. 21, 2006)*.*

On the other hand, courts in this district have denied similar motions where bifurcation threatens to result in duplicitous discovery and prolong the resolution of the case. *Fiserv Solutions, Inc. v. Westchester Fire Insurance Company*, 2012 WL 2120513 (E.D. Wis. June 11, 2013); *Ingram v. State Farm Mutual Automobile Insurance Co.*, 2011 WL 1988442 (E.D. Wis. May 19, 2011), and *Eide v. Life Insurance Co. Of North America*, 2010 WL 1608658 (W.D. Wis. Apr. 19, 2010). Ultimately, the decision lies in the court's sound discretion and must be decided on a case-by-case basis.

Here, the Shalocks contend that the underinsured tortfeasor's insurer has tendered its policy limits. (Compl. ¶ 10.) Moreover, State Farm represents that the Shalocks have received $60,000 from the underinsured motorist's liability insurance. Consequently, the viability of the bad faith claim is contingent upon a finding that the Shalocks are entitled to recover more than $60,000. On this issue, State Farm denies that the forces of injury were sufficient to cause a rotator cuff tear as Patricia Shalock apparently claims and has proffered an expert, David L. Gushue, Ph.D. At page 15 of his report, Dr. Gushue opines that "[t]here is no injury mechanism present in the subject incident to account for Ms. Shalock's claimed left shoulder injuries. As such, a causal relationship between the subject

3

incident and the left shoulder injuries cannot be made." (Doc. 22, Att. A at p. 15.) The Shalocks believe that causation is not an issue because their own treating physician, Dr. William T. Pennington, "clearly relates the injury at issue to the motor vehicle accident." (Doc. 20 at 6; Doc. 20-2.) Dr. Pennington's opinion is that the "injury sustained in the motor vehicle accident did cause the rotator cuff tear and the injuries for which [he] treated." (Doc. 20-2.) These differing opinions must be sorted out by a jury. If the jury decides that the Shalocks are not entitled to more than $60,000, there is no entitlement to underinsured motorist benefits. The bad faith claim cannot be decided until the nature and extent of Patricia Shalock's injuries are resolved.

The Shalocks rely heavily upon *Fiserve* which did not require a jury to decide the issue of causation with respect to physical injuries. Further, it appears that discovery in this case on the bad faith claim would not be necessary for resolution of the contract claim. Moreover, the court finds that bifurcation reduces the risk of jury confusion, prejudice to the insured if the Shalocks are given the right to discover otherwise privileged information, and serves the interest of judicial economy. Now, therefore,

IT IS ORDERED that State Farm's motion to bifurcate and stay discovery on the bad faith claim is granted.

IT IS FURTHER ORDERED that State Farm's motion for protective order is denied as moot.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE